**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GRACE GILLIS, | ) |
| Plaintiff, | ) |
| | ) Cause No.: 14-1924 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| PRINCIPIA COLLEGE, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Grace Gillis, by and through the undersigned counsel of record and states as follows:

1. Defendant Principia College is an accredited private, co-educational four-year liberal arts and sciences college for Christian Scientists, located in Elsah, Illinois.

2. It is owned and operated as an institution of higher learning based on Christian Science theology.

3. Principia College is one of two educational units in the greater St. Louis area that is owned and operated by the Principia Corporation.

4. The Principia Corporation was established in the State of Missouri in 1898 and incorporated in 1912.

5. The college is located on 2600 acres of real property that is owned by the Principia Corporation.

6. Defendant Principia Corporation d/b/a Principia College is a Missouri corporation with its principal place of business located in St. Louis County Missouri.

7. Plaintiff, Grace Gillis, is a former student of Principia College. She currently resides at 212 Putnam Road, New Canaan, Connecticut.

8. Plaintiff attended the Principia College from August 2009 through May 2013.

9. The matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10. Jurisdiction is specifically conferred on this Court by 28 U.S.C. §. 1332.

11. Venue is proper in this district under 28 U.S.C. Section 1391

12. Dr. Jonathan W. Palmer was the President of Principia College during all times mentioned herein.

13. Plaintiff attempted to informally resolve her dispute with Principia College on one or more occasions without success prior to initiating the instant action.

14. To wit, on August 27, 2014, Plaintiff mailed a demand letter to Dr. Jonathan Palmer, President of Principia College. To which she received no response.

15. Plaintiff was left with no other meaningful choice but to initiate the instant action in order to seek redress for her concerns.

## FACTS COMMON TO ALL COUNTS

16. Plaintiff was looking forward to attending Principia College since the age of 12.

17. She earned a Whole Man/Founders Scholarship at the Trustee Level, which was a significant accomplishment - one that was shared by only a select few in her graduating class.

18. Plaintiff attended Principia College due in part to the small, safe, Christian Scientist environment and based on Defendant's description of the campus, as well as their policies and/or documents governing the campus, students, and faculty.

19. She chose Principia College because it was consistent with her beliefs, and it offered healing to her somewhat fragile physical and emotional condition.

20. Plaintiff was led to believe that the Principia was the perfect place to attend college, as it prescribed certain behavior, mandated certain beliefs, and promised to help her: conquer fears; become a well-rounded person, spiritually, emotionally and physically; and develop a full and complete appreciation for music.

21. Plaintiff immersed herself into music. It became her hobby, her source of inner peace, and her niche – it became her home.

22. Plaintiff embraced the standards, codes, and policies outlined in the Principia College Catalog; the Education at the Principia; the Matthew Code and Principia's moral standards generally contained in Science and Health, With Key To the Scriptures, and the Church of Christian Scientist.

23. Plaintiff, along with all other students attending Principia College, signed the "Principia Pledge" as part of the application process. The pledge states: "I commit to serve God and humanity through the study and healing practice of Christian Science, expressed in principled thought and action, unselfish love, and moral courage."

24. Plaintiff, along with members of the faculty, staff, and student body, relied on Christian Science for "healing".

25. However, "healing" was not the exclusive means used for resolving medical issues.

26. In fact, Principia policy requires all students attending the college to have health insurance coverage. Students are automatically enrolled in an insurance program and their accounts are charged with the cost.

27. Students of the college were expected to resolve conflicts using the "Matthew Code", which states that one should love his neighbor enough to talk directly with him/her if there is a problem.

28. Students were held accountable for improper behavior.

29. In fact, a graduating senior found responsible for a Principia Community Commitment violation, could be prevented from graduating.

30. Students using medicine, whether prescribed or over-the-counter, could be asked to honorably withdraw until they are free from the use of medicine.

31. However, in certain circumstances, temporary use of doctor prescribed medicine is compassionately regarded. Under such circumstances, the college was required to help students complete the current terms academic work.

32. The college reserved the right to contact parents of students with serious health-related issues.

33. Principia offered off campus programs, such as including Principia abroads, which provided an interdisciplinary, experiential learning program, in a foreign country. The program was designed to help students broaden their understanding of people, gain a clearer sense of intercultural differences, and stretch their perceptions of themselves and the world.

34. Plaintiff was denied an opportunity to experience the personal growth offered by and developed through participating in the Principia abroad program.

35. She stayed on campus while attending classes at Principia.

36. All students are expected to stay on campus, unless given an unusual exception.

37. She moved to a house on campus after graduating from Principia College and worked at the campus swimming pool, which was her only source of income.

38. She was involuntarily displaced from campus housing and fired from her job.

## COUNT I

## Breach of Contract

Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 38 herein.

39. Plaintiff applied for admission at Defendant Principia College and was accepted.

40. A contractual relationship was created between Plaintiff and Defendant when the Principia College accepted Gillis' application into its undergraduate program.

41. The terms of the agreement are set-forth in the academic catalog, the general institutional policies, Education at the Principia and the Matthew Code.

42. The aforementioned agreements established certain obligations for students, faculty, and the college.

43. Defendant failed to adhere to one or more of its rules, policies, and/or procedures by omission or commission thereby breaching the same

44. The college breached its contractual agreement with Plaintiff by engaging in the conduct and/or behavior mentioned herein below.

45. Defendant excluded Gillis from a required course in a major area of study – music, without legitimate reason.

46. Gillis was excluded from the required course due to a misunderstanding with her music instructor.

47. She attempted to discuss this matter and its possible resolution with the instructor pursuant to the Matthew Code.

48. Unfortunately, the instructor refused to engage in meaningful discourse with Gillis as required by the aforesaid Code.

49. She petitioned the college for an independent study of the required course under a different instructor. Her request was denied.

50. Gillis was told that she was going to be suspended for explaining the situation with anyone not already involved.

51. The instructor reported this incident between he and Gillis to the Dean of Students.

52. She explained why she wanted to remain in music - her chosen field of study and stated why it was important to clear-up the misunderstanding with the instructor. She described her medical condition and expressed concerns about her health.

53. Gillis' explanation, accompanied by pleas for help were met with indifference. This exacerbated Gillis' illness and fragile emotional condition. It prompted further cries for help.

54. She desperately reached out to Defendant for help, but its staff did not help her with academics, or physical state. They were indifferent or non-responsive and sometimes verbally abusive and cruel.

55. In January 2012, Plaintiff informed Defendant that she was suffering from a possible terminal illness. The college did little, if anything, in response to her statement and plea for help.

56. The college failed to contact Plaintiff's parents about her serious illness, and state of mind, pursuant to policy.

57. Defendant failed to provide care, compassion, "healing" or anything meaningful that would help Plaintiff deal with her illness, and physical and/or emotional condition.

58. In April 2013, Plaintiff contacted the President of Principia College pursuant to the Matthew Code and in an effort to express her ongoing concerns about the College and the way she was treated during her illness. Her efforts were unsuccessful.

59. On July 17, 2013, Plaintiff once again attempted to express concerns to the President of Principia College in accordance with the Matthew Code.

60. She informed the President of the College that she would tell the school community how she was treated if she didn't receive an apology or if no action was taken to resolve the effects of the College's actions. She was told that she would be expelled from the college if she did.

61. Subsequent to graduation, she informed the President of the College that she was hurt by the actions of the College and provided him with a list of possible solutions to resolve the matter. In response, she was terminated from her campus job and given one (1) hour to pack her bags and leave the campus, causing Plaintiff extreme emotional distress.

62. Her college experience was permanently marred by the callous and reckless disregard for her physical, emotional and academic well-being.

63. Defendants conduct and disregard for its own policies exacerbated her illness causing her to sink into a state of despair.

64. The conduct described herein affected Gillis's ability to: study music; excel academically; trust authority; confide in others and adversely affected her quality of life.

65. The action(s) taken by the Defendant constitutes a breach of contract.

66. As a direct and proximate result of the breach, Plaintiff suffered, and continues to suffer the following injuries and damages:

    A. Loss of educational opportunities;

    B. loss of income;

    C. damage to personal and professional reputation;

    D. diminished value of education;

    E. attorney fees;

    F. loss of enjoyment of life;

    G. emotional pain;

    H. inconvenience; and

    I. mental anguish;

**WHEREFORE**, Plaintiff prays for judgment in an amount in excess of $75,000 and requests that this Court enter an Order:

    A. Declaring the acts and practices complained of by Plaintiff herein a breach of contract;

    B. Requiring Defendant Principia College to reimburse Plaintiff the entire cost of tuition, including room and board;

    C. Requiring Defendant Principia College to pay Plaintiff the total loss of income derived from her campus job;

    D. Requiring Defendant Principia College to reimburse Plaintiff for any out-of-pocket expenditures for treatment of her physical and mental conditions, stemming from its failure to provide "healing" and or the appropriate level of care;

    E. Requiring Defendant Principia College to pay for the cost of bringing this action including attorney's fees, litigation costs, and prejudgment interest;

    F. Requiring Defendant Principia College to pay Plaintiff or any emotional distress caused by said breach;

G. Requiring Defendant Principia College to reimburse Plaintiff for any damage to her personal and/or professional reputation, along with any other relief deemed just and appropriate.

## COUNT II

### Negligence

Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 68 herein.

69. Defendant Principia College owed Gillis a duty of care, based on the content of the aforementioned rules, policies, codes, catalogs and related documents.

70. Defendant breached that duty by failing to provide: "healing"; medical attention; emotional support; academic assistance; and by failing to demonstrate the requisite degree of care; by refusing to allow her to enroll in class(es), and by refusing to allow her to complete her chosen area of study, by demonstrating a complete lack of regard for her health, safety, mental well-being, and by failing and or refusing to contact her parents, along with engaging in other acts, conduct, omissions and or commissions during the course and scope of her studies at the college.

71. Plaintiff was severely damaged emotionally because of Defendant's callous and reckless indifference to her obvious need for physical and emotional healing and attention.

72. It was reasonably foreseeable that Defendant's conduct would cause harm to Plaintiff. In fact, it did in fact, because academic, economic and emotional harm to Plaintiff.

73. As a direct and proximate result of the foregoing, willful, reckless, and evil conduct of the Defendant, Plaintiff suffered, and continues to suffer the following injuries and damages:

A. Loss of educational opportunities;

    B.     Loss of income;

    C.     Damages to personal and professional reputation;

    C.     Emotional pain, Suffering, inconvenience, mental anguish, loss of enjoyment of life; and

**WHEREFORE**, Plaintiff prays for judgment in an amount in excess of $75,000 and requests that this Court enter an Order, declaring Defendant's actions and conduct described herein, were negligent;

    A.     Awarding punitive damages to Plaintiff and against Defendant;

    B.     Directing Defendant to pay Plaintiff compensatory damages, and damages for her emotional distress, and humiliation, along with any and all other relief deemed just and appropriate by the court;

    C.     Awarding Plaintiff the cost of this action together with reasonable attorney's fees and expert witness fees.

Respectfully Submitted,

/s/Christopher B. Bent, #45875
Law Offices of Christopher Bent, LLC
2200 West Port Plaza Drive, Suite 309
St. Louis, Missouri 63146
cbb@cbentlaw.com
314-551-0898 Phone
314-558-2622 FAX

Attorney for Plaintiff